**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JULIO VALDEZ

                        Petitioner,

      v.                                       No. 05-CV-1064
                                                          (LEK/DRH)

WILLIAM BROWN,

                        Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                         **OF COUNSEL:**

JULIO VALDEZ
Petitioner Pro Se
No. 02-A-2518
Bare Hill Correctional Facility
caller Box 20
Malone, New York 12953

HON. ANDREW M. CUOMO           ASHLYN H. DANNELLY, ESQ.
Attorney General for the State           Assistant Attorney General
   of New York
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se Julio Valdez ("Valdez") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Bare Hill Correctional Facility. On May 1, 2002, a jury in Albany County found Valdez guilty of criminal sale of a controlled substance for which he was sentenced to an indeterminate term of imprisonment of ten to twenty years. Valdez is currently serving that sentence. Valdez

---

     [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) the evidence was insufficient to support the conviction, (2) the sentence was harsh and excessive, and (3) his trial counsel rendered ineffective assistance.  For the reasons that follow, it is recommended that the petition be denied.

## I.  Background

On April 17, 2001, investigators at the Albany County Sheriff's Department ("Department") conducted a controlled buy of heroin. T. 213-16, 225-29.[2]  The Department paid a confidential informant, Edwin Lugo ("Lugo"), twenty-five dollars to purchase heroin from Valdez.  T. 215-16, 297.  After searching Lugo for contraband and affixing a body wire to his person, investigators dropped Lugo off at a concealed location near the building in which the controlled buy was to take place.  T. 217-218, 223-26.  Although the investigators did not visually observe the drug transaction, they watched Lugo enter the building and then listened to the conversation[3] both involving and taking place around Lugo via the affixed body wire.  T. 226-28, 249-51.  Lugo surrendered two bags of heroin to investigators and identified Valdez, both by name and physical description, as the person from whom he purchased the heroin. T. 228-29, 241-42.

Valdez was arrested, indicted, convicted, and sentenced as indicated above.  Pet.

---

[2] "T." followed by a number refers to the pages of the trial transcript.  Docket Nos. 19, 20.

[3] Although the conversation between Lugo and Valdez was in Spanish, and investigators did not speak Spanish, they were able to hear the conversation taking place. T. 227-28, 230-31.  At trial, the parties stipulated to an English translation of the recorded conversation.  T. 245-47.

(Docket No. 1) 1. The Appellate Division affirmed Valdez's conviction. People v. Valdez, 773 N.Y.S.2d 144, 146 (3d Dep't 2004). The New York Court of Appeals denied Valdez's application for leave to appeal on May 18, 2004. People v. Valdez, 814 N.E.2d 479, 479 (N.Y. 2004). This action followed.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas review only if state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (1996). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal court may review the habeas petition if the state court's application of Supreme Court precedent was "objectively unreasonable." Id. at 409.

## III. Exhaustion

Before seeking habeas review, a petitioner must first exhaust all state remedies. 38

U.S.C. § 2254(b), (c).  The petitioner must have "given the state courts a fair opportunity to pass upon his federal claim." Daye v. Att'y Gen., 696 F.2d 186, 191 (2d. Cir. 1982).  The petitioner may alert the state court to his federal claim by citing the Constitution, relying on federal case law, relying on state cases employing constitutional analysis to a similar fact pattern, stating the claims in a specific way as to contemplate a constitutional provision, or presenting a fact pattern that is common in constitutional litigation. Id. at 194.

Although Valdez raised all three claims in state court, he has only exhausted one of these claims, that the verdict was against the weight of the evidence. See Docket No. 19, pt. 1 at 9.  At the Appellate Division and in his application for leave to appeal to the Court of Appeals, Valdez raised both his claim that the jury's verdict was against the weight of the evidence and that the sentence was harsh and excessive.  Id. at 9, 11.  While Valdez did not state his claim that the jury's guilty verdict was against the weight of the evidence in specific constitutional terms, he cited case law directly quoting Supreme Court precedent on insufficiency of the evidence claims.  See id. at 9 (citing People v. Cintron, 95 N.Y.2d 329, 332 (2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  This citation sufficed to alert the state court to Valdez's federal claim.  Therefore, Valdez's insufficiency of the evidence claim is exhausted.

At the Appellate Division, Valdez also raised his claim that the sentence imposed was harsh and excessive, but he did not state this claim in constitutional terms. Docket No. 19, pt. 1 at 11.  Valdez's assertion at the Appellate Division that the court should engage in a balancing of factors, such as criminal history and prospects for rehabilitation, is exclusively supported by state law.  Id.  Even though Valdez's claim was not couched in

4

constitutional terms, since the merits of both of these claims were addressed by the Appellate Division, this court will review each of these claims on the merits. Valdez, 773 N.Y.S.2d 145-46.

Valdez did not raise a claim for ineffective assistance of counsel at the Appellate Division. Rather, he raised this claim in two motions to vacate under N.Y. Crim. Proc. Law § 440.10. Docket No. 19, pt. 6 at 6-9, pt. 8 at 2. The trial court denied Valdez's first motion to vacate on other grounds, without discussing Valdez's claim of ineffective counsel. See Docket No. 19, pt. 7 at 2-3. The trial court denied Valdez's second motion to vacate stating that a motion to vacate should not be used as a substitute for a direct appeal. Docket No. 19, pt. 9 at 3. Valdez did not seek leave to appeal this decision to the Appellate Division. "Exhaustion of available state remedies requires presentation of the clai to the highest state court from which a decision can be had." Daye, 696 F.2d at 190 n.3. Valdez did not present his claim to the highest state court which may have rendered a decision and, therefore, this claim is not exhausted.

Even though some of Valdez's claims are unexhausted and Valdez is in procedural default, the AEDPA allows the writ to be "denied on the merits, notwithstanding the failure . . . to exhaust . . . ." 28 U.S.C. 2254(b)(2). Thus, although the habeas petition includes both exhausted and unexhausted claims, the merits of these claims may still be reviewed.

### IV.  Merits

### A.  Insufficiency of Evidence

In seeking habeas corpus review, a petitioner who claims that the evidence was insufficient to sustain a conviction bears a "very heavy burden." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).  "[T]he critical inquiry on the review of the sufficiency of the evidence . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 318.  The reviewing court must determine if, "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.  The reviewing court must defer to the jury's determination as to the weight of the evidence and the credibility of the witnesses. United States v. Velasquez, 271 F.3d 364, 370 (2d. Cir 2001).

In considering the sufficiency of the evidence in a state conviction, a federal court must first examine state law to determine the elements of the crime.  Fama, 235 F.3d at 811.  Valdez was convicted of criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39(1).  A person is guilty of criminal sale of a controlled substance in the third degree when he or she knowingly and unlawfully sells a narcotic drug.  N.Y. Penal Law § 220.39(1).  Valdez argues that the confidential informant was impeached and that there was no evidence that someone named Julio sold drugs.  Id.

After examining the record, this court finds that there was sufficient evidence to support the jury's finding that Valdez was guilty of knowingly and unlawfully selling a narcotic.  The informant, who had been a friend of Valdez for approximately a year and a

half, identified Valdez as both the person who sold him the heroin[4] and as the person whose voice was on the tape of the recorded drug transaction. T. 258, 260, 269-70, 277. Gail Turner, the manager of the apartment building in which the transaction occurred, identified Valdez as the sole resident of the apartment in which the drug transaction took place. T. 299, 301, 303. Investigators Vogel and Duda corroborated Valdez's voice as that on the tape recording. T. 235, 251-52, 327-28. On this record and viewing the record in the light most favorable to the prosecution, there was presented at least sufficient evidence for a jury reasonably to conclude that Valdez had sold the heroin as charged.

Accordingly, the petition on this ground should be denied.

### B. Harsh and Excessive Sentence

The Eighth Amendment's protection against "cruel and unusual punishment" is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. VIII. The reviewing court may grant habeas relief where a conviction is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted). Where the sentence imposed is within the state statutory limits, however, there is no federal constitutional issue cognizable under habeas corpus review. Townsend v. Burke, 334 U.S. 736, 741 (1948); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (citations omitted).

---

[4] Heroin is a narcotic drug. N.Y. Penal Law § 220.00(5), (7); N.Y. Pub. Health Law § 3306 Schedule I(c)(11).

7

Here, the trial court sentenced Valdez as a second felony offender to imprisonment for a period of ten to twenty years. Docket No. 19, pt. 1 at App. 48. Criminal sale of a controlled substance in the third degree is a class B felony. N.Y. Penal Law § 220.39(1). A class B second felony offender may receive a maximum sentence of between nine and twenty five years, and a minimum sentence of between four and one half and twelve and one half years. N.Y. Penal Law § 70.06(3)(b), (4)(b). Because Valdez's sentence of ten to twenty years is within the New York statutory sentencing limits for a class B second felony offender, his claim raises no constitutional issue for this court to review.

For these reasons, the petition on this ground should be denied.

### C. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must prove that counsel's performance was (1) deficient and (2) caused actual prejudice to petitioner's defense. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000). The first inquiry requires that a defendant show counsel's performance "fell below an objective standard of reasonableness." Murden v. Artuz, 497 F.3d 178, 198 (2d Cir. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). There is a strong presumption that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. The second inquiry requires the reviewing court to determine whether there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

8

To determine whether counsel's performance was effective, the court examines "counsel's overall performance" as reflected in the record. See Kimmelman v. Morrison, 477 U.S. 365, 386 (1986); see also Jeremiah v. Artuz, 181 F. Supp. 2d 194, 203-04 (finding counsel's assistance effective where he cast doubt on the prosecution's case through competent cross-examination and closing argument). Additionally, where counsel decided to focus on some issues rather than others, there is no cognizable habeas corpus claim for ineffective assistance of counsel because the court presumes counsel's choice was one based on tactical reasons. Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Here, counsel's overall performance was at least competent. Following counsel's objection to the audio tape of the drug transaction, the court held an audibility hearing and determined the tape was admissible. T. 5-17. When the prosecution requested to play only select portions of the tape for the jury, counsel insisted that the entire tape be played because it "sp[oke] for itself." T. 15. Counsel thoroughly cross-examined the investigators to establish that, because not one of the investigators observed the informant participate in the drug transaction or even enter the apartment where the transaction allegedly occurred, they had no personal knowledge of the transaction. T. 249-51, 326-27. Additionally, counsel impeached the credibility of the confidential informant by questioning him about his many convictions, including possession of a forged instrument, larceny, burglary, use and possession of drugs, and assault. T. 279-81, 291-92. Further, counsel's closing argument was more than competent, as the trial court praised his "excellent, excellent closing statement[]." T. 391.

Moreover, Valdez incorrectly asserts that counsel provided ineffective representation because counsel "failed to object to the voice identification by the police" and "failed to seek expert voice analysis" of the tape of the drug transaction. Docket No. 1 at 4. An expert voice analysis, Valdez contends, would have established that it was not his own voice on the tape of the drug transaction. However, rather than focusing on the voice identification by investigators, counsel focused on the investigators' lack of personal knowledge of the drug transaction since they did not directly observe it. T. 249-51, 326-27. Counsel also focused on the confidential informant's criminal background and lack of credibility. T. 279-81, 291-92. Simply because counsel made the tactical decision to focus on the Department's lack of personal knowledge and confidential informant's lack of credibility, as opposed to the expert voice analysis, does not render counsel's performance ineffective. See Moyhernandez v. New York, No. 02 Civ.8062 MBM, 2004 WL 3035479, at *1, 2 (S.D.N.Y. Dec. 29, 2004) (petitioner did not state a claim for ineffective assistance where counsel failed to cross-examine law enforcement witnesses about voice identifications of taped conversations in a foreign language as he "may well have decided for strategic reasons not to press the voice identification issue so as to avoid giving . . . witnesses an opportunity to reiterate their certainty that the voice on the tapes was [that of the petitioner.])" Because Valdez's counsel likely had strategic reasons for deciding neither to object to voice identification by police nor seek expert voice identification analysis, Valdez is not entitled to habeas relief.

Therefore, the petition on this ground should be denied.

10

## V. Conclusion

For the reasons stated above, it is

**RECOMMENDED** that the petition for a writ of habeas corpus filed by petitioner be **DENIED**.

Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d. Cir. 2000).  Therefore, the Court recommends that no certificate of appealability should issue with respect to any of petitioner's claims.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk  of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and N.D.N.Y.L.R. 72.3(a)(3). The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See, e.g., Patterson-Leitch Co., v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives**

**the right to appeal the District Court's Order.**  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: April 2, 2010
      Albany, New York

_David R. Homer_
United States Magistrate Judge